Case number 14-5032. Barbara Feinman, appellant, Garrett M. Graf v. Federal Bureau of Investigation, et al. Mr. Moss for the appellant, Mr. Kenneth Shine for the appellees. Your relationship with Mr. Feinman? Yeah. About workability. Yeah. Good morning, your honors. May it please the court. Bradley P. Moss for the appellant, Barbara Feinman. With me at council table is my co-counsel, Mark Zaid. We're here before you on de novo review of a Rule 12b-1 motion to dismiss for lack of subject matter jurisdiction for lack of standing for Ms. Feinman, as well as two issues that the appellee has brought up on appeal, that of mootness and that of whether or not the anti-assignment laws apply to FOIA. With the circuit's permission, I'd like to address mootness first. Freedom of Information Act broadly states that a reasonably described request for records that's properly submitted to an agency shall be processed, subject to applicable exemptions and fees. In this case, in seeking to dismiss this appeal as moot, the appellee is sought to add additional caveat. Once you've had a single bite at the apple, never again should you have a second. The appellee's position, unfortunately, is flawed both factually... So imagine we agree with you that there was standing and, more importantly, that you were able to make the assignment. What happens next in the litigation? It would be remanded back to the district court. It would be probably a motion for summary judgment on whether or not the assignment itself was valid. Assume the assignment was valid. Then what happens? Then it gets remanded actually back to the agency for administrative processing. It would be processed by the agency. What does this have to do? The agency didn't refuse to process on the ground of improper assignment, did it? No. You never presented that to the agency? No. I respectfully disagree, Your Honor. We submitted both Ms. Fineman's submitted letters from Ms. Kathryn Byrne, signing the request to her, and the one Ms. Fineman signed, accepting the request. Those were after the litigation began or before? That was before the litigation began. And did the agency say, no, we're not going to process this because we don't recognize the assignment? The agency did not respond one way or the other. Okay, so then I understand that if the agency had said, we won't go any further because we don't recognize assignments, then that would be something to argue in court. But that's not what happened. The agency said to the two different people, both Fineman in different ways, not unless there's a death and, okay, there's a death and there's no, we don't have anything. But the agency never said, we're not going to process this because you have no assignment. So I don't understand what happens here next. You have an argument that assume that Fineman has the standing of Byrne. Assume that she does. So what happens next? I'm not, I just don't follow. She'd be allowed to process this request through to fruition beyond what she had done in her own separate request.  This is not a, doesn't seem to me that you're appealing the right thing here. The agency did not refuse to process on the ground of lack of assignment. The agency said, to Fineman, the agency said, we don't have any documents, right? That's what she said. That was in Fineman's separate request. I understand. And to Byrne, they said, show us that he's dead and then we'll do it, right? So you could appeal in the court and say, well, that's an improper question because the government's not allowed to resist FOIA on that ground. But you're not making that argument. So I'm still a little puzzled by why we're here. Sure. Let me, I'll need to clarify. Because of what happened in the intervening time between this litigation being initiated, Ms. Fineman submitting her separate identical request in which the FBI now understands that the individual is deceased. Yeah. If it were remanded, it would be allowed to be processed the way it should have been, even if it was still with Ms. Byrne. But now you're asking for an advisory opinion on the question of assignability, which should begin by bringing the case to the agency. You don't just, what normally happens in litigation is you go to the agency, the agency says no because of X. You don't come to the court and say I want a declaratory judgment that X is not going to be a good answer if the agency happens to give it to me. That doesn't, that's not the way it works because that's an advisory opinion. Correct. And I understand, Your Honor. When we filed suit, it was not based on the idea that we thought they had denied the assignment. We had no idea if they had accepted or denied it. Yeah, exactly. We had filed suit for constructive exhaustion of administrative remedies. More than 20 days had passed. It's a well-established case law. Yeah, but what were you seeking? Processing of the request. Well, they did process the request. Only in fine and separate one. They never processed it in this way. So all you want is a processing of the request for information about this guy. Is that right? That's correct, Your Honor. And they've already done that? Only for one level. I understand. Only for what? Only for the initial administrative level. Yeah, but it's the same, you say in your brief, it's the same, right? The information is the same. You want an appeal. Is that what you're saying? You want an administrative appeal. You think it was an inadequate search, right? It was, correct. I mean, that's ultimately what this is about, I think. But are you going to make that argument here, or is your idea that you get to go back to the agency for an appeal? That would go back to the agency for the appeal, but we would not be able to do that on behalf of Ms. Fineman. Well, we don't know that. You didn't try. You didn't go back to the agency and say, we'd now like to make an administrative appeal, and then the agency said, no, we're not going to allow you to do an administrative appeal because you're out of time. That didn't happen. Once again, you're assuming what the agency will do. I'm slightly confused by your question, Your Honor. The case was already in litigation. There was no opportunity to go back. You didn't have to go into litigation. You could have started by asking the agency to appeal. In fact, assume for the moment that we accept the assignment, why didn't Byrne ask the agency to appeal? Why didn't she? I can't speak for her given that she's not here. No, no. She is not. It's her assignment, right? So you stand in her shoes, correct? Correct. All right. She wasn't given notice, right? No. Okay. So that means she has the right to go to the agency and say, I want to appeal. If the agency said, no, time's expired, you would have a very good case because they never told you. But the agency didn't say that. So why wasn't it the obligation, regardless of whose shoes you're standing in, to begin by making an administrative appeal? We've said that the whole point of exhaustion is to create a record that we can deal with. We can't even create a record about the question that Judge Kavanaugh asked, which I agree is your underlying point, whether the search was good enough, until you make an administrative appeal and they explain what they did. But why didn't you do that? The reason that was not done at this point – sorry, the reason that was not done by Ms. Byrne was at the time the FBI's response letter was actually legally insufficient and was later changed in the course of this district court litigation. It only would indicate you had to provide proof of death. No, but you knew that at the time you filed the lawsuit on behalf of Feynman standing in the shoes of Byrne, right? At that time you knew that the government had failed to advise on time because you say that of the right to administrative appeal. You say that in your complaint, right? Correct. So why isn't the right thing to have done is to have gone, before filing a lawsuit on behalf of Feynman in the shoes of Byrne, for Feynman in the shoes of Byrne to go to the agency and say – or for Byrne in her own shoes going to the agency and saying, I would now like to appeal. And then the agency would say, well, time's up. And Byrne would say, well, no, it's not because you didn't tell us. And if the agency said, well, we don't care, then you would have a lawsuit. The reason that was not done, Your Honor, was because the policy the FBI was employing was itself legally flawed. They were not providing the third option that the district court has since required them to include in their response letters, which was that in addition to a privacy waiver or proof of death, that the requester be allowed to provide an overriding public interest in why the record should be disclosed. But you could have appealed. That's the purpose of administrative appeal. Correct. But that was not even referenced in the response letter. So the complaint, in addition to the specific request, said issue, was also a broader, at least at the time, planned as a class action, to challenge this policy. The policy was modified by the agency in the course of the district court litigation. But that's why at the time the administrative appeal was not submitted, because we were challenging the policy as a whole. I know. But the question is, you still have to set up a lawsuit. You can't just assume what's going to happen by the agency. And so I don't see why the right answer here isn't either Byrne or Fineman or both go back to the agency and ask for an appeal. And maybe the agency will allow Fineman to have the appeal because they've already done the search and there's no point anymore. Or maybe they will allow Byrne to because they have to because they didn't give her notice on time. Either one of which would create a record for us as to the ultimate question, which is whether or not they did a sufficient search. And then we would have a regular, ordinary, everyday FOIA case instead of a case that seems to be burning up an awful lot of time on a relatively obscure question about assignment law. What would be the harm of dismissing the case and having you make those requests and having them either decide or not? Because what you want to do is remand to them anyway, right? Correct, Your Honor. You want an order back to the agency, a remand back to the agency. Correct, Your Honor. What does the remand order say? Remand order would reverse the district court's opinion as a matter of law. Right, and direct it to remand back to the agency for... Direct it to remand back to the agency to determine whether or not the assignment is valid. But why is that necessary? Feynman has her own claim, so what's the difference? The documents you want are the same, right? Correct, Your Honor. Absolutely the same, identical, that's the word you used. Correct, Your Honor. So what's the difference if they just process Feynman's? Respectfully, I don't believe it's necessary for us to prove a difference in the sense of statutory entitlement is the same regardless of whether or not Feynman does it herself or if it's done through the course of this litigation. So let me just ask you this. If the agency, because I asked them to today, gave you every single document, you would say the case is not moot because I asked them to give you every document rather than you asked them to give you every document? Is that your point? I'm not sure I quite understand your question. Well, let's say after we leave here I file a FOIA request for all the documents, right? They give me all the documents and they put them up on the website. Now, would you say the case is not moot because they didn't give it in response to your request? Correct, Your Honor. And on what theory? On the theory that Feynman was not afforded the statutory rights she was allowed. She got all the documents she wanted. But not in the course in which it was originally requested, which was by way of assignment. Okay. That strikes me as a losing argument, so I hope you have another one. Understood, Your Honor. I see my time is up. May I please support Robert Kamenschein with the Department of Justice and with me at the Mr. Kamenschein, just so I know whether there is a very easy solution to this case, if this case were dismissed and either Feynman or Byrne separately or together were to ask for an appeal of the decision that there's no documents, would the FBI process the appeal? Your Honor, I'm not sure I can give that a definitive answer. I mean, it's certainly a possibility. Well, if you gave that definitive answer, the case would be moved, at least in my view. If you don't, we may decide against you on the question of assignability. Right, but I'm not in a position where I can give a definitive answer. I will say that in Byrne's case, the letter to Byrne did not flag administrative rights, although Byrne's letter itself referred to a possibility of an administrative appeal. So there's that aspect. In Feynman's case, the letter to Byrne. What's the that aspect, since you didn't provide notice? I'm saying that that would give Byrne an argument in terms of making that administrative appeal. Now that there was never a notice, a proper notice of a right to administrative appeal, so that that would be a plus in terms of her going forward with her administrative appeal. In Feynman's case, the response to Feynman did flag the opportunity for an administrative appeal, and Feynman's brief says that it references some kind of miscommunication, but without any more information. So, you know, there's an ambiguity there as to what the circumstances were that Feynman is alluding to in terms of some kind of miscommunication. Well, what if Feynman just filed a new FOIA request, got the same answer, guy's dead, and we don't have any documents, and then asked for an appeal? What would happen next? It would go forward. It would go forward. So you're not taking the position that they're precluded from making a new request? No. Okay. And so, Your Honor, I don't want to take up too much of the Court's time unnecessarily, just to say that I think that this report really got it right when it became aware of Feynman's identical FOIA request and said, I'm not going to certify this to the Court of Appeals at that point, because Feynman could bring suit in her own name without any need for the Court to reach the question of assignment. Assignment is a significant issue. It's kind of esoteric. But the amicus brief here indicates our context in which assignment might have some real significance, but not here. And the district court also properly found that there was a lack of standing. We've also said it's a requirement. I'm very perplexed by the standing argument. Okay. So how does this relate to the Lexmark case? The Lexmark case says that statutory causes of action, statutory standing, is not a standing question at all. It's a question of cause of action. So the question here is, under FOIA, does an assignee have a cause of action? I think Your Honor is correct on that, and certainly the district court's opinion verges over into really a discussion of the merits. The FOIA is geared totally toward a requester. It's silent on the question of assignment. Now, Feynman says, well, it's silent on that. Therefore, we can construct it. She asks the Court to create this. We say it's silent on this. It's geared toward the requester. And with that silence, there's no cause of action created. So you agree it's a cause of action question. It's not a waiver of sovereign immunity. Yeah. Suppose the administrative appeals are out of time. And so if she went back to the agency and the agency said, sorry, you're out of time, does that – let me finish the question. Is this still moot? I think it's moot because Ms. Feynman herself already got a substantive determination that there were no – That sounds like race judicata more than mootness. And so she's asking the Court to adjudicate the validity of the assignment from Ms. Byrne to her. And the result of that would be that she ultimately got back where she was. I'm not sure about this, but I think ultimately what their real-world complaint is is that the search was not adequate. And given that the FBI said there were no documents, their complaint, I think, is that the search was not adequate. And that's never been – they've never had a forum to seek that relief. So they're seeking – if they were seeking that in this litigation, how is it moot? Well, I mean, Ms. Feynman had the opportunity to – Again, that sounds like race judicata, not mootness to me. Well, if she gets – if she goes full circle here – In other words, if she procedurally defaulted, to use that term loosely here, in seeking an administrative appeal before, does that make the current attempt to seek relief that she procedurally defaulted from seeking before, does that make this moot? I don't believe that she can effectively waive her right to administrative appeal in her own case as a vehicle for going forward with a test of whether an assignment – Well, isn't the record – the record is confusing as to whether that was deliberate or not, right?  The record is unsettled, unclear as to whether the not pursuing an administrative appeal was a deliberate choice or some sort of neglect. You're right. You're right. Because she says there were some kind of miscommunication. Right. So we don't know that. So I thought I understood your response to a question from Judge Garland to be that if Ms. Feynman filed again a request for these documents, and they were rejected on the same ground they've already been rejected, then she could appeal and move on through the process. Correct. Right. And so, I mean, if this is a case about a – which is what FOIA is about – But the opportunity to file a new suit doesn't – To get information. Well, let me just finish. If the opportunity to file a new suit doesn't make the current suit moot – No, it wouldn't. I'm not aware of any theory that suggests that. No, it wouldn't. But the consequence of them continuing with this suit is, as he said, only to send it back to the agency to do the same thing that they would otherwise do by making an outside request. Right. It would be to appeal. It would be – first of all, they'd have to win the – in order for this to work, they would have to win the argument that they have a right to appeal. And so far, the agency has never turned them down on an appeal. Is that right? That's correct. The agency has never told them that they can't appeal. No. So there's nothing to adjudicate about whether they have a right to appeal right now, or is there? No, Your Honor. The only interaction – well, there was interaction with Byrne in addressing her request. There was interaction with Fineman in addressing her request. And then the agency received a notice about this assignment having taken place. But at that juncture, there was nothing for the agency to do because the administrative end of this had already been completed. So the agency has neither turned down the – a recognition of the assignment nor turned down an appeal by either of the two – either of the two people. That's correct. The assignment statute, the anti-assignment statute, why wasn't that raised earlier? Well, Your Honor, very candidly – and I think we pointed that out in our brief – where it is in the U.S. Code and the language of it seems to be pitched toward monetary claims. And so it was only upon further research and particularly looking at this Court's decision in the merits that it became evident that the statute really had a broader scope. So I don't think – I think it was just a matter of not looking in depth at the statute in the case law to see that the anti-assignment act had relevance. And certainly it has relevance in terms of the arguments about whether a course of action is created. Because I think to trump that, it would have to be explicit in the FOIA. Because it's against the government or because of – Because it's a claim against the government, correct. And there are special laws that deal with that. So when you have special laws that deal with the topic, I think particularly it's problematic to then look at the statute that says nothing about the topic and try to imply something there. So at least the FOIA should say something about assignment. It's been around for 50 years. It's been amended numerous times. Is that really a function of – I'm having the same difficulty with the statute that you must have originally had. When I read the Gillis case, which is the Supreme Court's 1877 discussion of it, it's all about the right to bring a case in the court of claims for money. And the court very carefully distinguishes, says, chose as an action, which are not commercial instruments, though assignable in equity in some cases, are not generally assignable at common law. And certainly the holder of a mere equitable right can have no standing as a plaintiff in the court of claims, which is what that case was about. And then it says the court of claims is without power to adjudicate upon merely equitable rights. And leaving aside their characterization of their FOIA claim as worth some money, I'm somewhat extremely speculative how that could be other than maybe they get fees or something, which is not part of their claim. This is a case in equity. And so at least Gillis thinks about the statute as being a statute of common law for money, right? Right. So I'd hate to have to rely on the statute at this point. But I think remember that this court in Marek's was not dealing at all with a claim for money. It was dealing with a case where the assignee was asserting the assigner's right to be able to get a lease from the government, and the government had leased the land to somebody else. And that was what that was about, and it was a constitutional claim there and an administrative law claim. It had nothing to do with a claim for money. Well, they would get a lease back, right? Well, they might, yeah. But the question was whether you could invalidate the lease that the government made so that the assignee there would be able to get a lease from the government. That's nothing to do with a monetary claim with a certain value, the kind of thing that the court claims. And so the government's asserting this statute now, though, when this issue arises in district court or not? I'm sorry? Is the government now asserting this statute in district court? Yes, we are, and we think that given the fact that that issue has been fully briefed. No, I mean in district court proceedings, maybe there's issues. Oh, we have not asserted in any district court proceedings that I know of currently. There aren't other cases pending? I mean, no, there's the National Security Counselor's case, but I don't think that. Right, in that case, the court ruled that the claim could be assigned. It was a very different case. The CIA has processed that request. The CIA has a flat no assignment policy, which was up before the district court. So, no, the anti-assignment law was not before that court at all. There are no other questions? Sorry. Two quick points for Judge Garland. You had mentioned the question to counsel for the appellee of whether or not a right to administrative appeal had been denied or addressed at all. The original request letter from the FBI to Ms. Byrne did not reference any right to administrative appeal. No, I understand that, but I think what – I'm just, again, having trouble understanding the difference between what would happen if we agree that you have standing and assignment and what would happen if you just today, or frankly if you had just a year ago, filed a new request on behalf of one or the other of them with the FBI, whether there's any difference at all for you. And as to what happens in the litigation, we can't adjudicate the question of whether you have a right to an administrative appeal because no one has ever denied you a right to an administrative appeal. They may not have informed you of the right, which gives you an argument about why you do have the right, but they haven't denied the right in any way. So the best that could happen would be not a ruling from the district court that you have a right to an appeal because you weren't told on time, but just a remand to the FBI to determine what their answer is. Isn't that right? Correct, Your Honor. Okay. And similarly, if when you leave the building here today, you file a request on behalf of Feynman or Byrne or both for the same documents, the FBI has told you, in the person of its lawyer, that they will permit an appeal. So yes, we could go through the entire process of writing an opinion in this case, maybe against you, but I'll assume for the moment in your favor. I don't know, three months from now it comes out. We wait until a mandate issues. Many weeks later it goes to the district court. When the district court gets to it because it has a criminal case or something else first, it then looks at the question before you. There's a debate, litigation, and ultimately it goes back to the agency to do exactly the same thing that you could do in two minutes by just asking for another request. What purpose is served by continuing to litigate this question when you have their agreement that they will process a new request by either of the two of you, not by the two of you, either of the two possible parties here, and allow an appeal, which would also give you an ability to see whether or not there was an adequate search or not. Well, respectfully to counsel for the appellees, I don't know how to square their promise here today with the arguments they've just made in their briefs regarding mutiny. Well, I think you can take it on faith, subject to a contempt citation against them for lying to the court. Well, that's for the new request. They haven't said anything about the administration. They haven't promised the administrative appeal on the old request. It's a new request, and if you lose, he said that you could then appeal that request, the new request. This is a test case about assignment. That's what the issue is. Correct. That's what I thought, right? That's all this is really about. Correct. At this point, that's what this case is. The only part of this case remains. It's a test case about assignment. So, but in – I see. Okay. All right. Well, I guess that's it. Thank you, Your Honor. Thank you. We'll take a brief break while the next –
judges: Garland, Kavanaugh, Williams